UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | **Civil Action No. 09-4139 (SRC)** |
| Plaintiff, | : | |
| | : | **OPINION & ORDER** |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA v. | : | |
| $164,750 IN UNITED STATES | : | |
| CURRENCY TRACEABLE TO THE | : | |
| REAL PROPERTY KNOWN AS 1808 | : | |
| BROADWAY BOULEVARD, | : | |
| MANCHESTER, NEW JERSEY 08759 | : | |
| | : | |
| Defendant, *in rem*. | : | |
| | : | |

**CHESLER**, District Judge

This matter comes before the Court upon two motions: 1) the motion to strike the claim of Frank Badics by the United States of America (the "Government"); and 2) the Government's motion for partial default judgment against Cheryl Badics, pursuant to Federal Rule of Civil Procedure 55(b). The Court heard oral argument on these motions on June 10, 2010. For the reasons stated below, both motions will be granted.

This case is a forfeiture action *in rem* against the above-captioned property. Frank Badics ("Badics") has filed a verified claim to the property.

As to the motion to strike, the Government moves to strike Badics' claim for lack of statutory standing. The Government contends that Badics' claim does not meet the requirements of Rule G of the Supplemental Rules for Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure, and that strict compliance is necessary to establish statutory standing. Badics does not dispute the applicability of Supplemental Rule G, but opposes the motion on the ground

that the claim meets the Rule's requirements.[1]

The relevant statutory provision, 18 U.S.C. § 983(a)(4)(A), states:

> In any case in which the Government files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims, except that such claim may be filed not later than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint.

Supplemental Rule G(5)(a)(i) states:

> A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must: (A) identify the specific property claimed (B) identify the claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

The focus of the dispute is the requirement of Supplemental Rule G(5)(a)(i)(B) that the claimant must "state the claimant's interest in the property." Badics' verified claim states: "Frank Badics makes this claim based on his having legally acquired said currency, having complied with all tax regulations concerning same and his having a joint title ownership interest in the identified real property." (Claim ¶ B.) The Government contends that this does not adequately state Badics' interest in the property. The Government appropriately characterizes this as a "bald assertion of ownership." It provides no explanation for how Badics acquired the currency at issue.

Courts in this district have held that "bald assertions of ownership" do not sufficiently identify a claimant's interest. U.S. v. 140,000.00 in United States Currency, 2010 U.S. Dist.

---

[1] The Government also argued that the claim failed to meet requirement C (signed under penalty of perjury). This Court finds that the claim meets requirement C.

LEXIS 40562 at *12 (D.N.J. Apr. 26, 2010); <u>United States v. 39,557.00, More or Less, in United States Currency</u>, 683 F. Supp. 2d 335, 339 (D.N.J. 2010).  This position is consistent with the Third Circuit requirement that claimants must strictly follow the Supplemental Rules: "forfeiture claimants must strictly adhere to the filing requirements to perfect standing."  <u>United States v. 487,825.00 in United States Currency</u>, 484 F.3d 662, 665 (3d Cir. 2007).

This Court holds that bald assertions of ownership do not sufficiently state a claimant's interest, as required by Supplemental Rule G(5)(a)(i)(B).  Furthermore, at oral argument, this Court asked Badics' counsel for any authority for the proposition that Badics' statement of interest was adequate under Supplemental Rule G(5)(a)(i)(B), and he could not offer any.  This Court finds that Badics' claim does not satisfy the requirement of Supplemental Rule G(5)(a)(i)(B), and he therefore lacks standing to make a claim in this case.  The Government's motion to strike Badics' claim will be granted, and his claim will be struck, pursuant to Rule G(8)(c)(i).

The Government's motion for default judgment against Cheryl Badics will be granted. For these reasons,

**IT IS** on this 18th day of June, 2010,

**ORDERED** that the Government's motion to strike the claim of Frank Badics (Docket Entry No. 15) is **GRANTED**, and the Clerk of the Court shall strike Frank Badics' Claim (Docket Entry No. 3); and it is further

**ORDERED** that the Government's motion for default judgment as to the defendant property against Cheryl Badics (Docket Entry No. 10) is **GRANTED**; and Judgment is hereby entered in favor of the United States of America and against Cheryl Badics.

                                                    s/ Stanley R. Chesler
                                                    STANLEY R. CHESLER
                                                  United States District Judge