UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Civil Action No. 09-4139 (SRC) |
| Plaintiff, : | |
| : | **OPINION & ORDER** |
| v. : | |
| : | |
| $164,750 IN UNITED STATES : | |
| CURRENCY TRACEABLE TO THE : | |
| REAL PROPERTY KNOWN AS 1808 : | |
| BROADWAY BOULEVARD, : | |
| MANCHESTER, NEW JERSEY 08759 : | |
| : | |
| Defendant, *in rem*. : | |

**CHESLER**, District Judge

  This matter comes before the Court on Plaintiff's appeal of a non-dispositive Letter Opinion & Order issued on January 31, 2011 by United States Magistrate Judge Michael A. Shipp, granting Claimant Frank Badics' ("Badics") motion to amend his verified claim. For the reasons stated below, the Magistrate Judge's Order will be affirmed.

  A Magistrate Judge's disposition of a non-dispositive motion is subject to review under a clearly erroneous or contrary to law standard. 28 U.S.C. § 636(b)(1)(A); L. Civ. R. 72.1(c)(1)(A). Accordingly, Magistrate Judge Shipp's ruling on this non-dispositive motion is reversible only if it is "clearly erroneous or contrary to law." Id.

  The gist of Magistrate Judge Shipp's decision is that he applied Federal Rule of Civil Procedure 15(a) to the matter, and Rule 15(a)(2) instructs: "The court should freely give leave when justice so requires." Magistrate Judge Shipp found that justice required that Badics be allowed to amend his claim.

There is no dispute that actions *in rem* are governed by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"). Supplemental Rule A(2) states: "The Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules." Thus, the first question for this Court is whether Magistrate Judge Shipp erred in applying Federal Rule of Civil Procedure 15(a) to this matter.

Plaintiff contends that Magistrate Judge Shipp committed "clear error" in applying Rule 15(a), providing a lengthy discussion that only obfuscates the fairly straightforward instruction of Supplemental Rule A(2). Plaintiff cites no controlling authority for the proposition that courts should not apply Rule 15(a) when a forfeiture claimant moves to amend a claim. Nor does Plaintiff show that Rule 15(a) is inconsistent with the Supplemental Rules. Plaintiff has given this Court no basis to conclude that Magistrate Judge Shipp was in error in applying Rule 15(a), no less that it was clear error.

Badics observes that there is only one case in which a Court of Appeal has considered this very question, United States v. Currency $267,961.07, 916 F.2d 1104, 1108 (6th Cir. 1990), where the Sixth Circuit held that the district court must apply Rule 15 in deciding a motion to amend. Plaintiff has not persuaded this Court that either the Sixth Circuit or Magistrate Judge Shipp were clearly in error. Rule 15(a)(2) instructs that leave to amend should be freely given, and there has been no showing that Magistrate Judge Shipp erred in deciding accordingly.

Curiously, Plaintiff points to the Commentary to Supplemental Rule G, but fails to note that the Advisory Committee Notes negate its position. The Notes of the Advisory Committee on the 2006 amendments state:

> The Civil Rules continue to provide the procedural framework within which Rule G and the other Supplemental Rules operate. Both Rule G(1) and Rule A state this basic proposition. Rule G, for example, does not address pleadings amendments. Civil Rule 15 applies, in light of the circumstances of a forfeiture action.

Given these Notes, it is difficult to see how Plaintiff has any valid basis to argue that Magistrate Judge Shipp erred in applying Rule 15.

Plaintiff also attempts to foreclose allowing the Claimant to amend by arguing that this Court, in its Order of June 18, 2010, which granted Plaintiff's motion to strike Badics' claim, determined that the Claimant lacked statutory standing, which is now the law of the case. See Public Interest Research Group v. Magnesium Elektron, 123 F.3d 111, 116 (3d Cir. 1997) ("The law of the case doctrine directs courts to refrain from re-deciding issues that were resolved earlier in the litigation.")

This is unpersuasive for a simple reason: in entering the Order of June 18, 2010, this Court did not determine that Badics lacked statutory standing then and forever; rather, this Court determined that Badics' claim as filed was insufficient under the Supplemental Rules. Allowing Badics to amend his claim will not cause a settled issue to be re-decided.

This Court has carefully reviewed Magistrate Judge Shipp's Letter Opinion & Order of January 31, 2011. Not only is the Order not contrary to law or clearly erroneous, it accurately and correctly decides all issues presented.

In sum, Plaintiff has failed to show that Magistrate Judge Shipp erred in any of his decisions in the Letter Opinion & Order of January 31, 2011. This Court is satisfied that Magistrate Judge Shipp's Opinion & Order is neither clearly erroneous nor contrary to law. The Letter Opinion & Order of January 31, 2011 will be affirmed and adopted as the Order of this

Court.

For these reasons,

**IT IS** on this 8th day of June, 2011,

**ORDERED** that Plaintiff's appeal [Docket Entry No. 34] of Magistrate Judge Shipp's Letter Opinion & Order of January 31, 2011 is **DENIED**;  and it is further

**ORDERED** that Magistrate Judge Shipp's Letter Opinion & Order of January 31, 2011 is hereby **AFFIRMED**.

        s/ Stanley R. Chesler
        STANLEY R. CHESLER
        United States District Judge